UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADMIRAL INSURANCE COMPANY,                                    Case No. 7:21-cv-02460-NSR

    Plaintiff,

                                                             **DECLARATION OF**
              -against-                        **NEIL L. SAMBURSKY**

BUILDERS CHOICE OF NEW YORK, INC. D/B/A
UPSTATE ROOFING AND SIDING AND POLIVIO
VALDIVIESO,

    Defendants.
------------------------------------------------------------------------X
BUILDERS CHOICE OF NEW YORK, INC. D/B/A
UPSTATE ROOFING AND SIDING,

    Defendant/Third-Party Plaintiff,

                           -against-

EVANSTON INSURANCE COMPANY,

    Third Party-Defendant.
------------------------------------------------------------------------X

    NEIL L. SAMBURSKY, an attorney duly admitted to practice before this Court, declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

    **1.**    I am a partner with the law firm of Pillinger Miller Tarallo, LLP, attorney for Plaintiff, Admiral Insurance Company ("Admiral") in the above matter. I am fully familiar with the facts and circumstances surrounding the instant action.

    **2.**    This Declaration, with the annexed exhibits, the accompanying Rule 56.1 Statement of Undisputed Material Facts, and the accompanying Memorandum of Law, are submitted in support of Admiral's motion for an order Pursuant to F.R.C.P. 56(a) granting summary judgment on its Amended Complaint and dismissing the Counterclaims of Builders

Choice Of New York, Inc. D/B/A Upstate Roofing And Siding ("Builders Choice"), together with such other relief as this Court deems just.

3.  Admiral seeks a Declaration that it has no duty to defend or indemnify Builders Choice in the action <u>Polivio Valdivieso and Marianita Cajamarca v. Noam Estates R LLC, Builders Choice of New York and Upstate Roofing and Siding Inc.</u>, Index No. EF004099/2020 (the "<u>Valdivieso</u>" action"), pending in New York State Supreme Court, Orange County, seeking damages for injuries allegedly sustained by the Plaintiff on February 9, 2020 in the course of his employment with Exterior Pro Builders, Inc. ("Exterior Pro Builders") at 10 Quickway Road, Monroe, NY 10950 (the "Premises").

4.  Annexed hereto as **Exhibit A** is a true and correct copy of Admiral's Complaint, without exhibits (ECF 1).

5.  Annexed hereto as **Exhibit B** is a true and correct copy of the Text Order Transferring Case to the Southern District of New York (ECF 2).

6.  Annexed hereto as **Exhibit C** is a true and correct copy of Admiral's Amended Complaint, with exhibits (ECF 10).

7.  Annexed hereto as **Exhibit D** is a true and correct copy of Builders Choice's Answer to Amended Complaint with Counterclaims (ECF 20).

8.  Annexed hereto as **Exhibit E** is a true and correct copy of Plaintiff's Answer to Counterclaims (ECF 23).

9.  Annexed hereto as **Exhibit F** is a true and correct copy of Builders Choice's Third-Party Complaint (ECF 40).

10. Annexed hereto as **Exhibit G** is a true and correct copy of Evanston Insurance Company ("Evanston") 's Answer to the Third-Party Complaint (ECF 53)

11. Annexed hereto as **Exhibit H** is a true and correct copy of Admiral Insurance Company policy number CA000037195-01 issued to Builders Choice of New York, Inc. d/b/a Upstate Roofing & Siding, effective January 15, 2020 to January 15, 2021 (the "Admiral policy").

12. Annexed hereto as **Exhibit I** is a true and correct copy of the Summons and Complaint, the Amended Verified Complaint and the Third-Party Summons and Complaint, in the action <u>Polivio Valdivieso and Marianita Cajamarca v. Noam Estates R LLC, Builders Choice of New York and Upstate Roofing and Siding Inc.</u>, Index No. EF004099/2020, pending in New York State Supreme Court, Orange County.

13. Annexed hereto as **Exhibit J** is a true and correct copy of The Standard Form of Agreement (the "Subcontract Agreement") between Builders Choice and Subcontractor" entered into between Builders Choice and Exterior Pro Builders Inc. ("Exterior Pro") on or about January 1, 2020.

14. Annexed hereto as **Exhibit K** is a true and correct copy of The Certificate of Liability Insurance dated May 23, 2019 issued by Kaplan Insurance Agency, Inc.

15. Annexed hereto as **Exhibit L** is a true and correct copy of Admiral's September 15, 2020 reservation of rights letter to Builders Choice.

16. Annexed hereto as **Exhibit M** is a true and correct copy of Admiral's September 15, 2020 tender letter to Exterior Pro.

17. Annexed hereto as **Exhibit N** is a true and correct copy of Admiral's November 2, 2020 letter to Exterior Pro.

18. Annexed hereto as **Exhibit O** is a true and correct copy of the December 1, 2020 disclaimer letter from Markel Service, Inc. the claims service manager for Evanston, to Exterior Pro Builders Inc., which was marked received by Admiral on December 7, 2020.

19. Annexed hereto as **Exhibit P** is a true and correct copy of Admiral's coverage counsel's January 7, 2021 disclaimer letter, with attachment, to Builders Choice.

20. Annexed hereto as **Exhibit Q** is a true and correct copy of the deposition transcript of Don Gaines, Senior Claims Consultant for Admiral, taken on May, 3, 2022.

21. Annexed hereto as **Exhibit R** is a true and correct redacted copy of the Admiral policy Binder Confirmation.

22. Annexed hereto as **Exhibit S** is a true and correct copy of the deposition transcript of Wolf Wercberger, Manager of Builders Choice, taken on May 5, 2022.

23. Annexed hereto as **Exhibit T** is a true and correct copy of the Affidavit of Polivio Valdivieso, sworn to on May 7, 2021.

Dated:   Garden City, New York
         August 10, 2023

*/s/ Neil L. Sambursky, Esq.*
Neil L. Sambursky, Esq.