# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>BUILDERS CHOICE OF NEW YORK, INC. D/B/A UPSTATE ROOFING AND SIDING AND POLIVIO VALDIVIESO,<br><br>Defendants. | Docket No. 7:21-cv-02460-NSR<br><br>**ANSWER TO THE THIRD-PARTY COMPLAINT** |
| BUILDERS CHOICE OF NEW YORK, INC. D/B/A UPSTATE ROOFING AND SIDING,<br><br>Third-Party Plaintiffs,<br><br>- against -<br><br>EVANSTON INSURANCE COMPANY,<br><br>Third-Party Defendant. | |

Third-Party Defendant Evanston Insurance Company ("Evanston") by and through its counsel, Hisnhaw & Culbertson LLP, answers Defendant/Third-Party Plaintiff Builders Choice of New York, Inc. d/b/a Upstate Roofing and Siding's ("Builders Choice") Third-Party Complaint upon information and belief as follows:

### THE PARTIES

1. Evanston denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Third-Party Complaint and leaves Builders Choice to its proof.

2. Evanston admits that it is incorporated pursuant to the laws of the State of Illinois, with its principal place of business in the State of Illinois. Evanston further admits that it is

1

authorized to issue certain insurance policies in the State of New York. To the extent inconsistent therewith, Evanston denies the remaining allegations contained in Paragraph 2 of the Third-Party Complaint.

## JURISDICTION

3. The allegations at Paragraph 3 of the Third-Party Complaint constitute legal conclusions rather than allegations of fact, such that no answer is required. Evanston refers all legal issues to the court for decision, reserving all legal and equitable defenses to Builders Choice's claims. To the extent that Paragraph 3 of the Third-Party Complaint is deemed to allege facts, Evanston denies those allegations.

## VENUE

4. The allegations at Paragraph 4 of the Third-Party Complaint constitute legal conclusions rather than allegations of fact, such that no answer is required. Evanston refers all legal issues to the court for decision, reserving all legal and equitable defenses to Builders Choice's claims. To the extent that Paragraph 4 of the Third-Party Complaint is deemed to allege facts, Evanston denies those allegations.

## BACKGROUND FACTS

5. Evanston admits only that it issued a Commercial General Liability Policy, Number 3AA339548 to Exterior Pro Builders Inc. ("Exterior Pro Builders"), with effective dates of May 16, 2019 to May 16, 2020 (the "Evanston Policy") the content of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 5 of the Third-Party Complaint.

6. Evanston admits the existence of the referenced contract between Builders Choice and Exterior Pro Builders, the content of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 6 of the Third-Party Complaint.

7. Evanston admits the existence of the referenced contract between Builders Choice and Exterior Pro Builders, the content of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 7 of the Third-Party Complaint.

8. Evanston admits the existence of the referenced contract between Builders Choice and Exterior Pro Builders, the content of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 8 of the Third-Party Complaint.

9. Denied.

10. Evanston admits the existence of the referenced contract between Builders Choice and Exterior Pro, the content of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 10 of the Third-Party Complaint.

11. Evanston admits the existence of the Complaint filed in the action captioned *Polivio Valdivieso v. Naom Estates R LLC, Builders Choice of New York, Inc. and Upstate Roofing & Siding Inc.*, under Index No. EF004099/2020, pending in New York State Supreme Court, Orange County. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 11 of the Third-Party Complaint.

12. Admitted.

13. Evanston denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Third-Party Complaint and leaves Builders Choice to its proof.

14. Evanston denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Third-Party Complaint and leaves Builders Choice to its proof.

15. Evanston admits that a letter was issued by it or on its behalf, regarding Evanston's purported insurance coverage obligations to Builders Choice and Exterior Pro Builders in connection with the Underlying Action, the contents of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 15 of the Third-Party Complaint.

16. Evanston admits that a letter was issued by it or on its behalf, regarding Evanston's purported insurance coverage obligations to Builders Choice and Exterior Pro Builders in connection with the Underlying Action, the contents of which speaks for itself. To the extent inconsistent therewith, Evanston denies the allegations of Paragraph 16 of the Third-Party Complaint.

17. The allegations at Paragraph 17 of the Third-Party Complaint constitute legal conclusions rather than allegations of fact, such that no answer is required. Evanston refers all legal issues to the court for decision, reserving all legal and equitable defenses to Builders Choice's claims. To the extent that Paragraph 17 of the Third-Party Complaint is deemed to allege facts, Evanston denies those allegations.

18. The allegations at Paragraph 18 of the Third-Party Complaint constitute legal conclusions rather than allegations of fact, such that no answer is required. Evanston refers all legal issues to the court for decision, reserving all legal and equitable defenses to Builders Choice's claims. To the extent that Paragraph 18 of the Third-Party Complaint is deemed to allege facts, Evanston denies those allegations.

## COUNT I
### (Declaratory Judgment)

19. Evanston repeats and realleges its responses to Paragraphs 1 through 18 as though fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Evanston admits only that a controversy exists between Builders Choice and Evanston because Evanston denies that it has any obligation to Builders Choice, and denies any duty to defend or indemnify Builders Choice, in connection with the Underlying Action.

25. Denied.

26. Denied.

27. Denied.

28. The allegations at Paragraph 28 of the Third-Party Complaint constitute legal conclusions rather than allegations of fact, such that no answer is required. Evanston refers all legal issues to the court for decision, reserving all legal and equitable defenses to Builders Choice's claims. To the extent that Paragraph 28 of the Third-Party Complaint is deemed to allege facts, Evanston denies those allegations.

29. Evanston admits only that Builders Choice seeks a judicial declaration. Evanston denies that it has any obligation to Builders Choice, and denies that it has any duty to defend or indemnify Builders Choice, in connection with the Underlying Action.

30. Evanston admits only that in Paragraph 30 of the Third-Party Complaint, Builders Choice demands a trial by jury.

5

To the extent required, Evanston denies the allegations in the WHEREFORE Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, because the Third-Party Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, for failure to join necessary and indispensable parties.

### FOURTH AFFIRMATIVE DEFENSE

The rights and obligations of Evanston are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the Evanston Policy. The terms, exclusions, conditions and other provisions of the Evanston Policy cannot all be itemized as affirmative defenses and are, therefore, incorporated by reference herein.

### FIFTH AFFIRMATIVE DEFENSE

Coverage for the claims asserted in the Underlying Action, and for those asserting by the Builders Choice in this action, are excluded under the Evanston Policy.

### SIXTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, because it is not an insured under the Evanston Policy.

6

### SEVENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, due to the failure of the claims in the Underlying Action to trigger coverage under the Commercial General Liability Coverage Form in the Evanston Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, to the extent that the claims in the Underlying Action fall within the EXCLUSION – EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS endorsement to the Evanston Policy.

### NINTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred in whole or in part, to the extent that the Underlying Action seeks punitive or exemplary damages, because the Evanston Policy "does not apply to . . . Fines, penalties, and punitive or exemplary damages, or any expenses or any obligation to share such damages or repay another under the Fines, Penalties And Punitive Or Exemplary Damages exclusion in the COMBINATION GENERAL ENDORSEMENT to the Evanston Policy.

### TENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred in whole or in part, because the COMBINATION GENERAL ENDORSEMENT to the Evanston Policy provides that "When coverage does not apply for the Named Insured, no coverage or defense shall be afforded to an Additional Insured under this policy", and there is no coverage under the Evanston Policy for Exterior Pro Builders for the Underlying Action.

### ELEVENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, by the limit of liability and/or the "Other Insurance" clause in the Evanston Policy.

7

## TWELFTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, due to its failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, to the extent that its liability for any "bodily injury" is by reason of the assumption of liability in a contract or agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, to the extent that the claims in the Underlying Action fall within the Breach Of Contract exclusion in the COMBINATION GENERAL ENDORSEMENT to the Evanston Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, to the extent that the claims in the Underlying Action fall within the EXCLUSION - NEW RESIDENTIAL WORK endorsement to the Evanston Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Builders Choice's claims are barred, in whole or in part, to the extent that it failed to comply with its notice obligations under the Evanston Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Builders Choice's Third-Party Complaint is not described with sufficient particularity to permit Evanston to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the Evanston Policy, at equity, or at law) may exist. Evanston therefore reserves the right to assert all defenses that may pertain once the precise nature of the allegations in Builders Choice's Third-Party Complaint are determined.

8

**WHEREFORE**, Evanston prays for relief as follows:

1. For a dismissal of the Third-Party Complaint with prejudice;

2. For a denial of the relief sought by Builders Choice in its Third-Party Complaint;

3. For a declaration that Evanston owes no obligation to Builders Choice, and has no duty to defend or indemnify Builders Choice, in connection with the Underlying Action.

4. For such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all such triable issues.

Dated: October 25, 2022

By: /s/ Matthew Ferlazzo

Matthew C. Ferlazzo, Esq.
April T. Villaverde, Esq.
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
mferlazzo@hinshawlaw.com
O: (212) 471-6227
F: (212) 935-1166

*Attorneys for Third-Party Defendant*
*Evanston Insurance Company*

9