# Exhibit I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------------------------------x    Index No.: EF004099-2020

POLIVIO VALDIVIESO,

Plaintiff,    **SUMMONS**

-against-    The basis of venue is:
**Plaintiff's Residence.**

NOAM ESTATES R LLC,  BUILDERS CHOICE
OF NEW YORK, INC. AND UPSTATE    Plaintiff designates Orange
ROOFING & SIDING INC.,    County as the place of trial.

Defendants.
---------------------------------------------------------------x

**To the above-named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner.  In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

DATED:    New York, New York
July 30, 2020

Yours, etc.,

By: Joshua W. Skillman, Esq.
Attorney for Plaintiff
POLIVIO VALDIVIESO
111 John Street - Suite 1050
New York, New York 10038
Tel: (212) 785-0808
Fax: (212) 785-0177



**DEFENDANTS ADDRESS:**

Noam Estates R LLC, 15 Koznits Road - #203,  Monroe, NY 10950

Builders Choice of New York, Inc. , 149 Elm Street, Suite 101, Monroe, NY 10950

Upstate Roofing & Siding Inc., 100 Schunemunk Road - #301, Monroe, NY 10950

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------x    Index No. EF004099 - 2020

POLIVIO VALDIVIESO,

                          Plaintiff,    **VERIFIED COMPLAINT**

        -against-

NOAM ESTATES R LLC, BUILDERS CHOICE OF
NEW YORK, INC. AND UPSTATE ROOFING &
SIDING INC.,

                         Defendants.

-----------------------------------------------------------------x

Plaintiff, **POLIVIO VALDIVIESO,** by his attorney, Joshua W. Skillman, Esq., complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1.     That at all times hereinafter mentioned, and on February 9, 2020, Plaintiff, **POLIVIO VALDIVIESO,** was and still is a resident of Orange County, New York.

2.     That this action falls within one or more of the exemptions set forth in CPLR §1602.

3.     At all times hereinafter mentioned, the Defendant **NOAM ESTATES R LLC,** was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

4.     That at all times hereinafter mentioned, **NOAM ESTATES R LLC,** was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5.     That at all times hereinafter mentioned, **NOAM ESTATES R LLC,** was and still is a limited liability company organized and existing under and by virtue of the Laws of the State of New York.

6.     That at all times hereinafter mentioned, and upon information and belief, **NOAM ESTATES R LLC** was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

7.     That at all times hereinafter mentioned, and upon information and belief, **NOAM ESTATES R LLC** maintained a principal place of business in the State of New York, County of Orange.

8.     That at all times hereinafter mentioned, the Defendant, **BUILDERS CHOICE OF NEW YORK, INC.** (hereinafter **"BUILDERS CHOICE"**), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9.     That at all times hereinafter mentioned, **BUILDERS CHOICE**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

10.     That at all times hereinafter mentioned, **BUILDERS CHOICE**, was and still is a limited liability company organized and existing under and by virtue of the Laws of the State of New York.

11.     That at all times hereinafter mentioned, and upon information and belief, **BUILDERS CHOICE**, was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, **BUILDERS CHOICE**, maintained a principal place of business in the State of New York in the County of Orange.

13.     That at all times hereinafter mentioned, the Defendant, **UPSTATE ROOFING & SIDING INC.**, was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

14.     That at all times hereinafter mentioned, **UPSTATE ROOFING & SIDING INC.**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

15.     That at all times hereinafter mentioned, **UPSTATE ROOFING & SIDING INC.**, was and still is a limited liability company organized and existing under and by virtue of the

Laws of the State of New York.

16.     That at all times hereinafter mentioned, and upon information and belief, **UPSTATE ROOFING & SIDING INC.**, was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

17.     That at all times hereinafter mentioned, and upon information and belief, **UPSTATE ROOFING & SIDING INC.**, maintained a principal place of business in the State of New York, County of Orange.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT NOAM ESTATES R LLC

18.     Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "17" together with the same force and effect as though same were more fully set forth at length herein.

19.     That on February 9, 2020, **NOAM ESTATES R LLC**, owned property located at 10 Quickway Road, Monroe, NY 10950 (herein after the "Premises").

20.     That on February 9, 2020, **NOAM ESTATES R LLC**, owned a building or structure located at the Premises.

21.     That on February 9, 2020, **NOAM ESTATES R LLC**, operated a building or structure located at the Premises.

22.     That on February 9, 2020, **NOAM ESTATES R LLC**, maintained a building or structure located at the Premises.

23.     That on February 9, 2020, **NOAM ESTATES R LLC**, managed a building or structure located at the Premises.

24.     That on or prior to February 9, 2020, Defendant **NOAM ESTATES R LLC**, hired and/or retained **UPSTATE ROOFING & SIDING INC.**, to provide work, labor, supervision, equipment and/or services at the Premises.

25.     That on or prior to February 9, 2020, Defendant **NOAM ESTATES R LLC**, hired and/or retained **BUILDERS CHOICE**, to provide work, labor, supervision, equipment

**ADM 000080**

and/or services at the Premises.

26.    That on or prior to February 9, 2020, **UPSTATE ROOFING & SIDING INC.,** was hired and/or retained by **NOAM ESTATES R LLC,** pursuant to a written contract and/or agreement to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of the Premises.

27.    That on February 9, 2020, the Defendant, **NOAM ESTATES R LLC,** his agent, servants and/or employees were engaged in performing construction work, labor and/or services upon the Premises.

28.    That on February 9, 2020, Plaintiff **POLIVIO VALDIVIESO** was lawfully engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said Premises.

29.    That the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees had the duty to provide the Plaintiff **POLIVIO VALDIVIESO** with a safe place to work.

30.    That the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

31.    That on February 9, 2020, the Plaintiff, **POLIVIO VALDIVIESO,** was lawfully and carefully working at said Premises, when he was caused to be injured by reason of the negligence of the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees in the ownership, operation, direction, supervision, or control of the said Premises.

32.    That the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said Premises in that they failed to provide the Plaintiff with safe place to work; failed to provide the Plaintiff with proper and approved

safety devices so placed, fixed and/or secured so as to afford proper protection to the Plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law, including, but not limited to, the Labor Law of the State of New York; in causing and/or permitting the Premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to the Plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in allowing material to fall; in failing to provide proper and essential tools such as safety goggles and equipment properly guarded maintained and in good repair persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including Plaintiff, and being otherwise careless, reckless and negligent in the Premises.

33.    That the Defendant, **NOAM ESTATES R LLC**, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

34.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the Defendant **NOAM ESTATES R LLC**, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

35.    That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will

expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction limits of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT NOAM ESTATES R LLC**

36.  Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "35" together with the same force and effect as though same were more fully set forth at length herein.

37.  That on February 9, 2020, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

38.  That Defendant **NOAM ESTATES R LLC,** had the duty to comply with the provisions of sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

39.  That said Defendant **NOAM ESTATES R LLC,** violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

40.  That on February 9, 2020, there existed Rule 23 of the Industrial Code of the State of New York.

41.  That the Defendant **NOAM ESTATES R LLC,** had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

42.  That by reason of the negligence of the Defendant **NOAM ESTATES R LLC,** the Defendants violated Rule 23 of the Industrial Code of State of New York.

43.  That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT BUILDERS CHOICE OF NEW YORK, INC.

44.     Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "43" together with the same force and effect as though same were more fully set forth at length herein.

45.     That on or prior to February 9, 2020, Defendant **BUILDERS CHOICE**, was hired and/or retained as a general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of the Premises.

46.     That on or prior to February 9, 2020, Defendant **BUILDERS CHOICE**, entered into an agreement and contract by which they were to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the Premises.

47.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, retained a third party to perform construction, renovation, demolition, painting, repair and/or alteration of the Premises.

48.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, was retained by **NOAM ESTATES R LLC** to provide work, labor and/or services at the Premises.

49.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, was hired and/or retained pursuant to a written contract and/or agreement to provide work, labor, supervision, equipment and/or services at the Premises.

50.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees were engaged in performing construction work, demolition, renovation, painting, repair and/or alterations at the Premises.

51.  That on February 9, 2020, the Plaintiff, **POLIVIO VALDIVIESO**, was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at the Premises.

52.  That the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

53.  That on February 9, 2020, the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free or dangers and hazards to those wokers lawfully thereat.

54.  That on February 9, 2020, the Plaintiff **POLIVIO VALDIVIESO**, was lawfully and carefully working at said Premises, when he was caused to be injured by reason of the negligence of the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said Premises.

55.  That the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said Premises in that they failed to provide the Plaintiff with a safe place to work; failed to provide the Plaintiff with a hazard-free work place; failed to provide the Plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the Plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law,

including, but not limited to, the Labor Law of the State of New York; in causing and/or permitting the Premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to the Plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in failing to provide proper and essential tools and equipment properly guarded maintained and in good repair to persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said Premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including Plaintiff.

56.    That the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

57.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

58.    That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**ADM 000086**

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST**
**DEFENDANT BUILDERS CHOICE OF NEW YORK, INC.**

59.    Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every
allegation contained in paragraphs "1" through "58" together with the same force and
effect as though same were more fully set forth at length herein.

60.    That on February 9, 2020, there existed in full force and effect within the State of
New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

61.    That Defendant, **BUILDERS CHOICE**, had the duty to comply with the provisions of
sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

62.    That said Defendant, **BUILDERS CHOICE**, violated Sections 200, 240(1) and 241(6)
of the Labor Law of the State of New York.

63.    That on February 9, 2020, there existed Rule 23 of the Industrial Code of the State of
New York.

64.    That the Defendant, **BUILDERS CHOICE**, had the duty to comply with the provisions
of Rule 23 of the Industrial Code of the State of New York.

65.    That by reason of the negligence of the Defendant, **BUILDERS CHOICE**, the
Defendants violated Rule 23 of the Industrial Code of State of New York.

66.    That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been
rendered sick, sore, lame and disabled and so remains. That he has been unable to attend
to his usual vocation and activities and that he has been obliged to expend and will
expend in the future, sums of money for medical aid and attention, all to his damage in
an amount that exceeds the jurisdictional limits of all lower courts.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST**
**DEFENDANT UPSTATE ROOFING &SIDING, INC.**

67.    Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every
allegation contained in paragraphs "1" through "66" together with the same force and
effect as though same were more fully set forth at length herein.

**ADM 000087**

68.    That on or prior to February 9, 2020, Defendant **UPSTATE ROOFING & SIDING INC.**, was hired and/or retained as a general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of the Premises.

69.    That on or prior to February 9, 2020, Defendant **UPSTATE ROOFING & SIDING INC.**, entered into an agreement and contract by which they were to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the Premises.

70.    That on or prior to February 9, 2020, Defendant **UPSTATE ROOFING & SIDING INC.**, retained a third party to perform construction, renovation, demolition, painting, repair and/or alteration of the Premises.

71.    That on or prior to February 9, 2020, Defendant **UPSTATE ROOFING & SIDING INC.**, was retained by **NOAM ESTATES R LLC** to provide work, labor and/or services at the Premises.

72.    That on or prior to February 9, 2020, Defendant **UPSTATE ROOFING & SIDING INC.**, was hired and/or retained pursuant to a written contract and/or agreement to provide work, labor, supervision, equipment and/or services at the Premises.

73.    That on or prior to February 9, 2020, Defendant **UPSTATE ROOFING & SIDING INC.**, its agents, servants and/or employees were engaged in performing construction work, demolition, renovation, painting, repair and/or alterations at the Premises.

74.    That on February 9, 2020, the Plaintiff, **POLIVIO VALDIVIESO**, was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at the Premises.

**ADM 000088**

75.   That the Defendant, **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

76.   That on February 9, 2020, the Defendant **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free or dangers and hazards to those wokers lawfully thereat.

77.   That on February 9, 2020, the Plaintiff **POLIVIO VALDIVIESO,** was lawfully and carefully working at said Premises, when he was caused to be injured by reason of the negligence of the Defendant **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said Premises.

78.   That the Defendant, **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said Premises in that they failed to provide the Plaintiff with a safe place to work; failed to provide the Plaintiff with a hazard-free work place; failed to provide the Plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the Plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law, including, but not limited to, the Labor Law of the

ADM 000089

State of New York; in causing and/or permitting the Premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to the Plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in failing to provide proper and essential tools and equipment properly guarded maintained and in good repair to persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said Premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including Plaintiff.

79. That the Defendant, **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

80. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the Defendant, **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

81. That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**ADM 000090**

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## DEFENDANT UPSTATE ROOFING & SIDING INC.

82.  Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "81" together with the same force and effect as though same were more fully set forth at length herein.

83.  That on February 9, 2020, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

84.  That Defendant **UPSTATE ROOFING & SIDING INC.,** had the duty to comply with the provisions of sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

85.  That said Defendant **UPSTATE ROOFING & SIDING INC.,** violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

86.  That on February 9, 2020, there existed Rule 23 of the Industrial Code of the State of New York.

87.  That the Defendant **UPSTATE ROOFING & SIDING INC.,** had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

88.  That by reason of the negligence of the Defendant **UPSTATE ROOFING & SIDING INC.,** the Defendants violated Rule 23 of the Industrial Code of State of New York.

89.  That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff, **POLIVIO VALDIVIESO**, demands judgment against the Defendant, **NOAM ESTATES R LLC**, in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

WHEREFORE, Plaintiff, **POLIVIO VALDIVIESO**, demands judgment against the Defendant, **BUILDERS CHOICE OF NEW YORK, INC.**, in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

WHEREFORE, Plaintiff, **POLIVIO VALDIVIESO**, demands judgment against the Defendant, **UPSTATE ROOFING & SIDING INC.**, in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated: New York, New York
      July 30, 2020

Yours, etc.
The Law Office of Joshua W. Skillman

By: Joshua W. Skillman
Attorney for Plaintiff
POLIVIO VALDIVIESO
111 John Street - Suite 1050
New York, New York 10038
Tel: (212) 785-0808
Fax: (212) 785-0177

ADM 000092

## ATTORNEY'S VERIFICATION

Joshua Skillman, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of The Office of Joshua W. Skillman, attorney of record for Plaintiff, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the Plaintiff maintains its offices.

DATED: New York, New York
      July 30, 2020

Joshua W. Skillman

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

POLIVIO VALDIVIESO,

Plaintiff,

-against-

NOAM ESTATES R LLC,  BUILDERS CHOICE OF NEW YORK, INC.
AND UPSTATE ROOFING & SIDING INC.,

Defendants.

*SUMMONS AND COMPLAINT*

**The Law Office of**
**JOSHUA W. SKILLMAN**
*111 John Street - Suite 1050*
*New York, New York 10038*
*212-785-0808*

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: July 30, 2020*                    *Signature* _____
                                          *Print Signer's Name     Joshua W. Skillman, Esq.*

ADM 000094

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------x    Index #EF004099/2020
POLIVIO VALDIVIESO and MARIANITA
CAJAMARCA,
                                        Plaintiffs,            **AMENDED VERIFIED**
            -against-                                          **COMPLAINT**

NOAM ESTATES R LLC,  BUILDERS CHOICE OF
NEW YORK, INC. AND UPSTATE ROOFING &
SIDING INC.,

                                        Defendants.
----------------------------------------------------------------x

Plaintiff, **POLIVIO VALDIVIESO and MARIANITA CAJAMARCA**, by their

attorney, Joshua W. Skillman, Esq., complaining of the Defendants, hereby respectfully set forth

and allege, all upon information and belief, as follows:

1.   That at all times hereinafter mentioned, and on February 9, 2020, Plaintiff **POLIVIO**

     **VALDIVIESO** and **MARIANITA CAJAMARCA** were and still are a residents of

     Orange County, New York.

2.   That this action falls within one or more of the exemptions set forth in CPLR §1602.

3.   At all times hereinafter mentioned, the Defendant **NOAM ESTATES R LLC**, was and

     still is a domestic business corporation organized and existing under and by virtue of

     the Laws of the State of New York.

4.   That at all times hereinafter mentioned, **NOAM ESTATES R LLC**, was and still is

     a partnership organized and existing under and by virtue of the Laws of the State of

     New York.

5.   That at all times hereinafter mentioned, **NOAM ESTATES R LLC**, was and still is a

     limited liability company organized and existing under and by virtue of the Laws of the

     State of New York.

6.   That at all times hereinafter mentioned, and upon information and belief, **NOAM**

     **ESTATES R LLC** was and still is a foreign limited liability company authorized to do

ADM 000095

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

business under and by virtue of the Laws of the State of New York.

7.      That at all times hereinafter mentioned, and upon information and belief, **NOAM ESTATES R LLC** maintained a principal place of business in the State of New York, County of Orange.

8.      That at all times hereinafter mentioned, the Defendant, **UPSTATE ROOFING & SIDING INC.,** was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

9.      That at all times hereinafter mentioned, **UPSTATE ROOFING & SIDING INC.,** was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

10.     That at all times hereinafter mentioned, **UPSTATE ROOFING & SIDING INC.,** was and still is a limited liability company organized and existing under and by virtue of the Laws of the State of New York.

11.     That at all times hereinafter mentioned, and upon information and belief, **UPSTATE ROOFING & SIDING INC.,** was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, **UPSTATE ROOFING & SIDING INC.,** maintained a principal place of business in the State of New York, County of Orange.

13.     That at all times hereinafter mentioned, the Defendant, **BUILDERS CHOICE OF NEW YORK, INC.** (hereinafter "**BUILDERS CHOICE**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

14.     That at all times hereinafter mentioned, **BUILDERS CHOICE**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

15.     That at all times hereinafter mentioned, **BUILDERS CHOICE**, was and still is a

ADM 000096

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

limited liability company organized and existing under and by virtue of the Laws of the State of New York.

16.   That at all times hereinafter mentioned, and upon information and belief, **BUILDERS CHOICE**, was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

17.   That at all times hereinafter mentioned, and upon information and belief, **BUILDERS CHOICE**, maintained a principal place of business in the State of New York in the County of Orange.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT NOAM ESTATES R LLC

18.   Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "17" together with the same force and effect as though same were more fully set forth at length herein.

19.   That on February 9, 2020, **NOAM ESTATES R LLC**, owned property located at 10 Quickway Road, Monroe, NY 10950 (herein after the "Premises").

20.   That on February 9, 2020, **NOAM ESTATES R LLC**, owned a building or structure located at the Premises.

21.   That on February 9, 2020, **NOAM ESTATES R LLC**, operated a building or structure located at the Premises.

22.   That on February 9, 2020, **NOAM ESTATES R LLC**, maintained a building or structure located at the Premises.

23.   That on February 9, 2020, **NOAM ESTATES R LLC**, managed a building structure located at the Premises.

24.   That on or prior to February 9, 2020, Defendant **NOAM ESTATES R LLC**, hired and/or retained **UPSTATE ROOFING & SIDING INC.**, to provide work, labor, supervision, equipment and/or services at the Premises.

25.   That on or prior to February 9, 2020, Defendant **NOAM ESTATES R LLC**, hired

**ADM 000097**

INDEX NO. EF004099-2020

NYSCEF DOC. NO. 10

RECEIVED NYSCEF: 11/23/2020

and/or retained **BUILDERS CHOICE,** to provide work, labor, supervision, equipment and/or services at the Premises.

26.    That on or prior to February 9, 2020, **UPSTATE ROOFING & SIDING INC.,** was hired and/or retained by **NOAM ESTATES R LLC,** pursuant to a written contract and/or agreement to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of the Premises.

27.    That on February 9, 2020, the Defendant, **NOAM ESTATES R LLC,** his agent, servants and/or employees were engaged in performing construction work, labor and/or services upon the Premises.

28.    That on February 9, 2020, Plaintiff **POLIVIO VALDIVIESO** was lawfully engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said Premises.

29.    That the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees had the duty to provide the Plaintiff **POLIVIO VALDIVIESO** with a safe place to work.

30.    That the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

31.    That on February 9, 2020, the Plaintiff, **POLIVIO VALDIVIESO,** was lawfully and carefully working at said Premises, when he was caused to be injured by reason of the negligence of the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees in the ownership, operation, direction, supervision, or control of the said Premises.

32.    That the Defendant, **NOAM ESTATES R LLC,** its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said Premises in that they failed to provide the

**ADM 000098**

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

Plaintiff with safe place to work; failed to provide the Plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the Plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law, including, but not limited to, the Labor Law of the State of New York; in causing and/or permitting the Premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to the Plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in allowing material to fall; in failing to provide proper and essential tools such as safety goggles and equipment properly guarded maintained and in good repair persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including Plaintiff, and being otherwise careless, reckless and negligent in the Premises.

33.    That the Defendant, **NOAM ESTATES R LLC**, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

34.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the Defendant **NOAM ESTATES R LLC,** its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

35.    That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend

ADM 000099

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdiction limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT NOAM ESTATES R LLC

36. Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "35" together with the same force and effect as though same were more fully set forth at length herein.

37. That on February 9, 2020, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

38. That Defendant **NOAM ESTATES R LLC**, had the duty to comply with the provisions of sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

39. That said Defendant **NOAM ESTATES R LLC**, violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

40. That on February 9, 2020, there existed Rule 23 of the Industrial Code of the State of New York.

41. That the Defendant **NOAM ESTATES R LLC**, had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

42. That by reason of the negligence of the Defendant **NOAM ESTATES R LLC**, the Defendants violated Rule 23 of the Industrial Code of State of New York.

43. That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

ADM 000100

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 10
RECEIVED NYSCEF: 11/23/2020

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## DEFENDANT BUILDERS CHOICE OF NEW YORK, INC.

44.     Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "43" together with the same force and effect as though same were more fully set forth at length herein.

45.     That on or prior to February 9, 2020, Defendant **BUILDERS CHOICE**, was hired and/or retained as a general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of the Premises.

46.     That on or prior to February 9, 2020, Defendant **BUILDERS CHOICE**, entered into an agreement and contract by which they were to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the Premises.

47.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, retained a third party to perform construction, renovation, demolition, painting, repair and/or alteration of the Premises.

48.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, was retained by **NOAM ESTATES R LLC** to provide work, labor and/or services at the Premises.

49.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, was hired and/or retained pursuant to a written contract and/or agreement to provide work, labor, supervision, equipment and/or services at the Premises.

50.     That on or prior to February 9, 2020, Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees were engaged in performing construction work, demolition, renovation, painting, repair and/or alterations at the Premises.

ADM 000101

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 10                                    RECEIVED NYSCEF: 11/23/2020

51.    That on February 9, 2020, the Plaintiff, **POLIVIO VALDIVIESO**, was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at the Premises.

52.    That the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

53.    That on February 9, 2020, the Defendant, **BUILDERS CHOICE,** its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free or dangers and hazards to those wokers lawfully thereat.

54.    That on February 9, 2020, the Plaintiff **POLIVIO VALDIVIESO,** was lawfully and carefully working at said Premises, when he was caused to be injured by reason of the negligence of the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said Premises.

55.    That the Defendant, **BUILDERS CHOICE,** its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said Premises in that they failed to provide the Plaintiff with a safe place to work; failed to provide the Plaintiff with a hazard-free work place; failed to provide the Plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the Plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law,

**ADM 000102**

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

including, but not limited to, the Labor Law of the State of New York; in causing and/or permitting the Premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to the Plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in failing to provide proper and essential tools and equipment properly guarded maintained and in good repair to persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said Premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including Plaintiff.

56.    That the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

57.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the Defendant, **BUILDERS CHOICE**, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

58.    That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame maimed and disabled and so remains.  That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

ADM 000103

NYSCEF DOC. NO. 10

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## DEFENDANT BUILDERS CHOICE OF NEW YORK, INC.

59.   Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "58" together with the same force and effect as though same were more fully set forth at length herein.

60.   That on February 9, 2020, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

61.   That Defendant, **BUILDERS CHOICE,** had the duty to comply with the provisions of sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

62.   That said Defendant, **BUILDERS CHOICE,** violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

63.   That on February 9, 2020, there existed Rule 23 of the Industrial Code of the State of New York.

64.   That the Defendant, **BUILDERS CHOICE,** had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

65.   That by reason of the negligence of the Defendant, **BUILDERS CHOICE,** the Defendants violated Rule 23 of the Industrial Code of State of New York.

66.   That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## DEFENDANT UPSTATE ROOFING &SIDING, INC.

67.   Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "66" together with the same force and effect as though same were more fully set forth at length herein.

ADM 000104

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

68.     That on or prior to February 9, 2020, Defendant, **UPSTATE ROOFING & SIDING INC.,** was hired and/or retained as a general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of the Premises.

69.     That on or prior to February 9, 2020, Defendant, **UPSTATE ROOFING & SIDING, INC.,** entered into an agreement and contract by which they were to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the Premises.

70.     That on or prior to February 9, 2020, Defendant, **UPSTATE ROOFING & SIDING INC.,** retained a third party to perform construction, renovation, demolition, painting, repair and/or alteration of the Premises.

71.     That on or prior to February 9, 2020, Defendant, **UPSTATE ROOFING & SIDING INC.,** was retained by **NOAM ESTATES R LLC** to provide work, labor and/or services at the Premises.

72.     That on or prior to February 9, 2020, Defendant **BUILDERSCHOICE,** was hired and/or retained pursuant to a written contract and/or agreement to provide work, labor, supervision, equipment and/or services at the Premises.

73.     That on or prior to February 9, 2020, Defendant , **UPSTATE ROOFING & SIDING INC.,** its agents, servants and/or employees were engaged in performing construction work, demolition, renovation, painting, repair and/or alterations at the Premises.

74.     That on February 9, 2020, the Plaintiff, **POLIVIO VALDIVIESO,** was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at the Premises.

**ADM 000105**

NYSCEF DOC. NO. 10

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

75.    That the Defendant, **UPSTATE ROOFING & SIDING INC.**, its agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

76.    That on February 9, 2020, the Defendant, **UPSTATE ROOFING & SIDING INC.**, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free or dangers and hazards to those wokers lawfully thereat.

77.    That on February 9, 2020, the Plaintiff **POLIVIO VALDIVIESO**, was lawfully and carefully working at said Premises, when he was caused to be injured by reason of the negligence of the Defendant , **UPSTATE ROOFING & SIDING INC.**, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said Premises.

78.    That the Defendant, **UPSTATE ROOFING & SIDING INC.**, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said Premises in that they failed to provide the Plaintiff with a safe place to work; failed to provide the Plaintiff with a hazard-free work place; failed to provide the Plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the Plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law, including, but not limited to, the Labor Law of the

**ADM 000106**

NYSCEF DOC. NO. 10

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

State of New York; in causing and/or permitting the Premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to the Plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in failing to provide proper and essential tools and equipment properly guarded maintained and in good repair to persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said Premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including Plaintiff.

79. That the Defendant, **BUILDERSCHOICE**, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

80. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the Defendant, **BUILDERSCHOICE**, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

81. That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**ADM 000107**

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

NYSCEF DOC. NO. 10

## AS AND FOR AN SIXTH CAUSE OF ACTION AGAINST
## DEFENDANT UPSTATE ROOFING & SIDING INC.

82.   Plaintiff, **POLIVIO VALDIVIESO**, repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "81" together with the same force and effect as though same were more fully set forth at length herein.

83.   That on February 9, 2020, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

84.   That Defendant, **UPSTATE ROOFING & SIDING INC.,** had the duty to comply with the provisions of sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

85.   That said Defendant, **UPSTATE ROOFING & SIDING, INC.,** violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

86.   That on February 9, 2020, there existed Rule 23 of the Industrial Code of the State of New York.

87.   That the Defendant, **UPSTATE ROOFING & SIDING INC.,** had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

88.   That by reason of the negligence of the Defendant, **UPSTATE ROOFING & SIDING INC.,** the Defendants violated Rule 23 of the Industrial Code of State of New York.

89.   That by reason of the foregoing, the Plaintiff **POLIVIO VALDIVIESO** has been rendered sick, sore, lame and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

ADM 000108

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 10    RECEIVED NYSCEF: 11/23/2020

### AS AND FOR THE SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF MARIANITA CAJAMARCA

90.    Plaintiff **MARIANITA CAJAMARCA** repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "89" together with the same force and effect as though same were more fully set forth at length herein.

91.    That at all times hereinafter mentioned, Plaintiff **MARIANITA CAJAMARCA** was and is the lawful and legal wife of the Plaintiff, **POLIVIO VALDIVIESO**.

92.    That as a result of the foregoing, Plaintiff **MARIANITA CAJAMARCA** was caused to lose services and society of the plaintiff, **POLIVIO VALDIVIESO.**

93.    That as a result of the foregoing, Plaintiff **MARIANITA CAJAMARCA** was damaged in an amount that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiffs, **POLIVIO VALDIVIESO and MARIANITA CAJAMARCA**, demand judgment against the Defendants in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated:  New York, New York
November 19, 2020

Yours, etc.
The Law Office of Joshua W. Skillman

By: Joshua W. Skillman
Attorney for Plaintiffs
POLIVIO VALDIVIESO and
MARIANITA CAJAMARCA
111 John Street - Suite 1050
New York, New York 10038
Tel: (212) 785-0808
Fax: (212) 785-0177

ADM 000109

NYSCEF DOC. NO. 10

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

## ATTORNEY'S VERIFICATION

Joshua Skillman, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of The Office of Joshua W. Skillman, attorney of record for Plaintiff, I have read the annexed **AMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the Plaintiff maintains its offices.

DATED: New York, New York
      November 19, 2020

Joshua W. Skillman

**ADM 000110**

NYSCEF DOC. NO. 10

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 11/23/2020

Index #EF004099/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

POLIVIO VALDIVIESO and MARIANITA CAJAMARCA,

Plaintiffs,

-against-

NOAM ESTATES R LLC, BUILDERS CHOICE OF NEW YORK, INC.
AND UPSTATE ROOFING & SIDING INC.,

Defendants.

## *SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT*

### *The Law Office of*
# *JOSHUA W. SKILLMAN*
*111 John Street - Suite 1050*
*New York, New York 10038*
*212-785-0808*

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: November 19, 2020*

Signature _____
Print Signer's Name    Joshua W. Skillman, Esq.

ADM 000111

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 16                                    RECEIVED NYSCEF: 01/07/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------x
POLIVIO VALDIVIESO and MARIANITA
CAJAMARCA,                                           Index No. EF004099/2020
                                    Plaintiffs,
                                                     **STATEMENT PURSUANT**
            - against -                              **TO CPLR §3402**

NOAM ESTATES R LLC, BUILDERS CHOICE OF
NEW YORK, INC. AND UPSTATE ROOFING &
SIDING INC.,
                                    Defendants.
-------------------------------------------------------------------x
BUILDERS CHOICE OF NEW YORK, INC. d/b/a
UPSTATE ROOFING & SIDING,

                    Third-Party Plaintiff,             Index No.:

EXTERIOR PRO BUILDERS, INC.,

                    Third-Party Defendant.
-------------------------------------------------------------------x

        PLEASE TAKE NOTICE, that in the above-captioned action, defendant/third-party plaintiff,

BUILDERS CHOICE OF NEW YORK, INC. d/b/a UPSTATE ROOFING & SIDING, has impleaded the

above-named third-party defendant EXTERIOR PRO BUILDERS, INC., and the caption of this action is

amended to read as set forth above.  PLEASE TAKE FURTHER NOTICE that this action is not on the trial

calendar.

Dated:  White Plains, New York
        January 7, 2021

                                        Yours, etc.,

                                        THOMAS MULDOON, ESQ.
                                        BARRY McTIERNAN & MOORE LLC
                                        Attorneys for Defendant/Third-Party Plaintiff
                                        BUILDERS CHOICE OF NEW YORK, INC. d/b/a
                                        UPSTATE ROOFING & SIDING
                                        55 Church Street
                                        White Plains New York 10601
                                        (914) 946-1030

NYSCEF DOC. NO. 16
INDEX NO. EF004099-2020

RECEIVED NYSCEF: 01/07/2021

TO:

Exterior Pro Builders Inc.
55 Watkins Ave.
Middletown, NY 10940

Joshua W. Skillman, Esq.
LAW OFFICE OF JOSHUA W. SKILLMAN
Attorneys for Plaintiff
111 John Street, Suite 1050
New York, New York 10038
(212) 785-0808

Noam Estates R LLC
c/o Zalman Weiss and Rachel Weiss
15 Kosnitz Road, Unit 203
Monroe, NY 10950

Upstate Roofing & Siding, Inc.
100 Schunemunk Rd., #301
Monroe, NY 10950

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 16                                                    RECEIVED NYSCEF: 01/07/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------x
POLIVIO VALDIVIESO and MARIANITA
CAJAMARCA,

                    Plaintiffs,          Index No.: EF004099/2020

         - against -          **THIRD-PARTY SUMMONS**

NOAM ESTATES R LLC, BUILDERS CHOICE OF
NEW YORK, INC. AND UPSTATE ROOFING &
SIDING INC.,

                    Defendants.
--------------------------------------------------------------------x
BUILDERS CHOICE OF NEW YORK, INC. d/b/a
UPSTATE ROOFING & SIDING,

         Third-Party Plaintiffs,         Index No.:

EXTERIOR PRO BUILDERS, INC.,

         Third-Party Defendant.
--------------------------------------------------------------------x

TO THE ABOVE NAMED THIRD-PARTY DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the Third-Party Complaint in this action and

to serve a copy of your answer, or, if the Third-Party Complaint is not served with this Third-Party

Summons, to serve a Notice of Appearance, upon the defendant/third-party plaintiff, BUILDERS

CHOICE OF NEW YORK, INC. d/b/a UPSTATE ROOFING & SIDING, within 20 days after the

service of this Third-Party Summons, exclusive of the date of service (or within 30 days after the

service is complete if this Third-Party Summons is not personally delivered to you within the State of

New York); and in the case of your failure to timely appear or answer, judgment will be taken against

you by default for the relief demanded in the Third-Party Complaint.

    This is a third-party action seeking, defense, indemnity, contribution and/or additional

insured coverage in connection with above named plaintiffs' claims for damages arising out of

injuries allegedly sustained on or about the 9th day of February 2020.

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 16                                                    RECEIVED NYSCEF: 01/07/2021

The relief sought herein is judgment over and against said third-party defendant for the full or

proportionate amount of any judgment rendered against BUILDERS CHOICE OF NEW YORK, INC.

d/b/a UPSTATE ROOFING & SIDING together with the costs and disbursements, including reasonable

attorneys' fees incurred herein.

Dated: White Plains, New York
       January 7, 2021

                                        Yours, etc.,


                                        _____
                                        THOMAS MULDOON, ESQ.
                                        BARRY McTIERNAN & MOORE LLC
                                        Attorneys for Defendant/Third-Party Plaintiff
                                        BUILDERS CHOICE OF NEW YORK, INC. d/b/a
                                        UPSTATE ROOFING & SIDING
                                        55 Church Street
                                        White Plains New York 10601
                                        (914) 946-1030

TO:

Exterior Pro Builders Inc.
55 Watkins Ave.
Middletown, NY 10940

Joshua W. Skillman, Esq.
LAW OFFICE OF JOSHUA W. SKILLMAN
Attorneys for Plaintiff
111 John Street, Suite 1050
New York, New York 10038
(212) 785-0808

Noam Estates R LLC
c/o Zalman Weiss and Rachel Weiss
15 Kosnitz Road, Unit 203
Monroe, NY 10950

Upstate Roofing & Siding, Inc.
100 Schunemunk Rd., #301
Monroe, NY 10950

NYSCEF DOC. NO. 16

INDEX NO. EF004099-2020

RECEIVED NYSCEF: 01/07/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------------x

POLIVIO VALDIVIESO and MARIANITA
CAJAMARCA,

                          Plaintiff,

          - against -

NOAM ESTATES R LLC, BUILDERS CHOICE OF
NEW YORK, INC. AND UPSTATE ROOFING &
SIDING INC.,

                          Defendants.

-------------------------------------------------------------------x

BUILDERS CHOICE OF NEW YORK, INC. d/b/a
UPSTATE ROOFING & SIDING,

              Third-Party Plaintiffs,

EXTERIOR PRO BUILDERS, INC.,

              Third-Party Defendant.

-------------------------------------------------------------------x

Index No.: EF004099/2020

**THIRD-PARTY
COMPLAINT**

Index No.:

      Defendant/third-party plaintiff, BUILDERS CHOICE OF NEW YORK, INC. d/b/a

UPSTATE ROOFING & SIDING, by their attorneys, BARRY McTIERNAN & MOORE LLC, as

and for their third-party complaint against the third-party defendant, EXTERIOR PRO BUILDERS,

INC, respectfully allege as follows, upon information and belief:

      1.     That at all times hereinafter mentioned, the defendant/third-party plaintiff,

BUILDERS CHOICE OF NEW YORK, INC. d/b/a UPSTATE ROOFING & SIDING

(hereinafter "BUILDERS CHOICE"), was and is a domestic corporation authorized and doing

business in the State of New York.

      2.     That at all times hereinafter mentioned, third-party defendant, EXTERIOR PRO

BUILDERS, INC., (hereinafter "EXTERIOR"), was and still is a domestic corporation duly

organized and existing pursuant to the laws of the State of New York with principal place of

business at 55 Watkins Ave., Middletown, NY 10940.

3. That at all times hereinafter mentioned, third-party defendant, EXTERIOR was and still is a domestic corporation company licensed to do business in the State of New York with a principal place of business at 55 Watkins Ave., Middletown, NY 10940.

4. That at all times hereinafter mentioned, third-party defendant, EXTERIOR maintained a principal place of business at 55 Watkins Ave., Middletown, NY 10940.

5. That at all times hereinafter mentioned, third-party defendant, EXTERIOR conducted business in the State of New York.

6. That the defendant/third-party plaintiff, BUILDERS CHOICE was served with a Summons and Complaint and thereafter Supplemental Summons and Amended Complaint by or on behalf of the plaintiffs to recover damages for alleged personal injuries, as a result of an accident which allegedly occurred on or about February 9, 2020 at the premises and job site situated or otherwise located at or about 10 Quickway Road, Monroe, New York.

7. Copies of plaintiffs' said pleadings and BUILDERS CHOICE's Answers thereto are annexed hereto, made a part hereof, and incorporated herein by reference as if set forth fully at length herein without admitting or denying the truth of the allegations contained therein, and to which BUILDERS CHOICE begs leave to refer to at the time of trial herein.

8. That the plaintiffs' Complaint alleges, among other things, that the incident which caused plaintiffs to sustain injury resulted from the negligence and/or violation of code and statute and/or violation of the Labor Law of the State of New York with regard to construction work being performed by plaintiff at 10 Quickway Road, Monroe, New York, on February 9, 2020.

9. That prior to February 9, 2020, the third-party defendant, EXTERIOR, was retained pursuant to written agreement by BUILDERS CHOICE, wherein EXTERIOR agreed to

NYSCEF DOC. NO. 16

INDEX NO. EF004099-2020
RECEIVED NYSCEF: 01/07/2021

perform certain services and/or work at the premises known as 10 Quickway Road, Monroe, New York.

10.     That the plaintiff, POLIVIO VALDIVIESO, was at the time of the alleged accident employed by EXTERIOR.

11.     That the plaintiff, POLIVIO VALDIVIESO was injured in the course of his employment for EXTERIOR while working on the aforementioned premises.

12.     That the plaintiff, POLIVIO VALDIVIESO's claims and resulting alleged injuries arise out of the services and/or work by him and/or EXTERIOR pursuant to the aforementioned agreement between EXTERIOR and BUILDERS CHOICE.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST EXTERIOR PRO BUILDERS, INC.
### FOR CONTRACTUAL DEFENSE AND INDEMNIFICATION

13.     Defendant/third-party plaintiff, BUILDERS CHOICE repeats and realleges each and every allegation contained in paragraphs numbered "1" through "12" herein with the same force and effect as if more fully set forth herein.

14.     That prior to February 9, 2020, the third-party defendant, EXTERIOR, was retained pursuant to written agreement with BUILDERS CHOICE wherein EXTERIOR agreed to perform certain services and/or work at the premises known as 10 Quickway Road, Monroe, New York.

15.     That under the terms, conditions and provisions of said written agreement, and to the fully extent permitted by law, EXTERIOR agreed to and was obligated to defend, indemnify, hold harmless and procure insurance for the defendants/third-party plaintiffs, BUILDERS CHOICE, from and against any and all claims for bodily injury arising out of or resulting from

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 16                                                    RECEIVED NYSCEF: 01/07/2021

the services and/or work of EXTERIOR, its subcontractors, employees, agents and/or servants at the subject premises.

16.     That the third-party defendant, EXTERIOR, has breached said written agreement by failing to defend, indemnify, hold harmless and insure BUILDERS CHOICE herein as required under the written agreement.

17.     That if the BUILDERS CHOICE is held liable for the damages allegedly sustained by the plaintiff herein, such liability will have been brought about and caused in whole or in part as a result of the carelessness, recklessness, negligence and/or breach of contract of third-party defendant, EXTERIOR, its agents, servants and/or employees without any fault or negligence on the part of BUILDERS CHOICE contributing thereto.

18.     That by reason of the foregoing written agreement, third-party defendant, EXTERIOR, is liable to BUILDERS CHOICE, in whole or in part for any judgment on behalf of the plaintiff herein, including all costs, expenses, disbursements and attorney fees incurred by the BUILDERS CHOICE in the litigation of this matter, and EXTERIOR will be held to contractually defend and indemnify BUILDERS CHOICE herein.


### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST EXTERIOR PRO BUILDERS, INC.
### FOR COMMON LAW NEGLIGENCE

19.     Defendant/third-party plaintiff, BUILDERS CHOICE repeats and realleges each and every allegation contained in paragraphs numbered "1" through "18" herein with the same force and effect as if more fully set forth herein.

20.     That if the plaintiff, POLIVIO VALDIVIESO , sustained the injuries and damages alleged herein, and if the injuries and damages were not sustained by said plaintiff's

own sole negligence and culpability, then said injuries and/or damages were sustained by reason of the carelessness, recklessness, negligence, culpability and/or acts of omission and/or commission by the third-party defendant, EXTERIOR, its agents, servants and/or employees, and without any negligence or fault on the part of BUILDERS CHOICE contributing thereto.

21.    That if the plaintiff, POLIVIO VALDIVIESO, obtains a judgment against the BUILDERS CHOICE then the third-party defendant, EXTERIOR, will be obligated to either indemnify the third-party plaintiff for the full amount of such judgment or to contribute to the payment of such judgment in such proportion to be determined upon the trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST EXTERIOR PRO BUILDERS, INC.
### FOR ATTORNEYS' FEES

22.    Defendant/third-party plaintiff, BUILDERS CHOICE repeats and realleges each and every allegation contained in paragraphs numbered "1" through "21" herein with the same force and effect as if more fully set forth herein.

23.    That by reason of the foregoing, BUILDERS CHOICE has been compelled to expend attorneys' fees and other costs in connection with the defense of this action.

24.    That as a result of the foregoing and pursuant to the aforesaid agreement, BUILDERS CHOICE is entitled to recover said attorneys' fees and all other costs incurred in the defense of this action from EXTERIOR.

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 16                                                    RECEIVED NYSCEF: 01/07/2021

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST EXTERIOR PRO BUILDERS, INC.
### FOR FAILURE TO PROCURE INSURANCE

25.     Defendant/third-party plaintiff, BUILDERS CHOICE repeats and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if more fully set forth herein.

26.     That pursuant to the written agreement between third-party defendant, EXTERIOR, and BUILDERS CHOICE, third-party defendant EXTERIOR was obligated to procure and purchase insurance for the protection and benefit of BUILDERS CHOICE, for claims for bodily injury which arise out of or as a result of the services and/or work of the third-party defendant, EXTERIOR, its subcontractors, servants, agents or employees.

27.     That said insurance was to include liability coverage for and running in favor of the defendant/third-party plaintiff, BUILDERS CHOICE.

28.     That, upon information and belief, EXTERIOR, failed to procure or purchase such insurance coverage for the benefit and protection of BUILDERS CHOICE pursuant to said agreement and is therefore in violation and breach of its obligations under said agreement.

29.     As a result of EXTERIOR's breach of the agreement in failing to purchase such insurance, BUILDERS CHOICE has been and will continue to be damaged as a result of the claims of the plaintiffs in that they will be required to expend attorneys' fees and other expenses for their own defense in the within action and will or may be subject to liability to the plaintiffs, all of which is denied, and would have otherwise been covered by the liability insurance that EXTERIOR was obligated to purchase.

30.     That as a result of EXTERIOR's breach of contractual obligations regarding the purchase of insurance, BUILDERS CHOICE is entitled to be reimbursed for the amount of any

INDEX NO. EF004099-2020
NYSCEF DOC. NO. 16                                                    RECEIVED NYSCEF: 01/07/2021

judgment or damages they are obligated to pay the plaintiffs, including the amount of any

settlement, if any, and in addition thereto, are entitled to be reimbursed for the costs of attorneys'

fees and defense costs associated with the defense of BUILDERS CHOICE in this action, and

the cost of any insurance premium increases to BUILDERS CHOICE resulting therefrom.

**WHEREFORE**, the defendant/third-party plaintiff, BUILDERS CHOICE OF NEW

YORK, INC. d/b/a UPSTATE ROOFING & SIDING, demand judgment on each cause of action

herein over and against third-party defendant, EXTERIOR PRO BUILDERS, INC., and for the

amount of any verdict or judgment which may be obtained against them, together with interest,

costs, disbursements and expenses of this action including reasonable counsel fees.

Dated: White Plains, New York
January 7, 2021

Yours, etc.

THOMAS MULDOON, ESQ.
BARRY McTIERNAN & MOORE LLC
Attorneys for Defendant/Third-Party Plaintiff
BUILDERS CHOICE OF NEW YORK, INC. d/b/a
UPSTATE ROOFING & SIDING
55 Church Street
White Plains New York 10601
(914) 946-1030

TO:

Exterior Pro Builders Inc.
55 Watkins Ave.
Middletown, NY 10940

Joshua W. Skillman, Esq.
LAW OFFICE OF JOSHUA W. SKILLMAN
Attorneys for Plaintiff
111 John Street, Suite 1050
New York, New York 10038
(212) 785-0808

NYSCEF DOC. NO. 16

INDEX NO. EF004099-2020

RECEIVED NYSCEF: 01/07/2021

Noam Estates R LLC
c/o Zalman Weiss and Rachel Weiss
15 Kosnitz Road, Unit 203
Monroe, NY 10950

Upstate Roofing & Siding, Inc.
100 Schunemunk Rd., #301
Monroe, NY 10950